JOHN B. DECHENE *vs.* GREENFIELD AND TURNERS FALLS
STREET RAILWAY COMPANY.

Suffolk.   March 15, 16, 1905. — June 21, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Negligence,* Contributory, of one riding bicycle on highway.

If one riding a bicycle on a highway, which on his left is occupied by the track of
a street railway and on his right has been made temporarily unfit for bicycle
travel by soft material recently put upon it, is proceeding with four other bicy-
clists riding in single file on a pathway less than two feet in width next to the
nearer rail of the track, worn smooth by bicycles although not designed for
their use, and if so proceeding he sees an open electric car approaching at a
rate of speed of from ten to twenty miles an hour and failing to turn to the
right in time one of the wheels of his bicycle is struck by the running board of
the car throwing him off, he cannot be found to be in the exercise of due care
so as to be entitled to maintain an action against the street railway company for
injuries thus caused.

TORT for personal injuries incurred as stated in the opinion,
while the plaintiff was riding a bicycle on a highway in the
town of Montague on October 4, 1896, from his bicycle being
struck by an open electric car of the defendant. Writ dated
January 11, 1901.

In the Superior Court *Hitchcock,* J. refused to order a verdict
for the defendant, and submitted the case to the jury. The jury
returned a verdict for the plaintiff in the sum of $7,500; and
the defendant alleged exceptions.

*F. L. Greene,* for the defendant.

*H. C. Long,* (*G. T. Morgan* with him,) for the plaintiff.

BARKER, J. The plaintiff sues for personal injuries alleged
to have been received on October 4, 1896. His writ was not
brought until January 11, 1901. He was riding a bicycle and
was thrown from it by coming into collision with one of the de-
fendant's open cars of the usual construction. His theory of the
accident is that as he was changing his direction to avoid a colli-
sion the running board of the car struck the rear wheel of his
machine and that by force of the blow he was thrown upon the
car with his head and the upper part of his body lodged between
two seats and the lower part of his body hanging out of the car

upon and over the running board.    The defendant's evidence tended to show that the front wheel of the bicycle wobbling in the sandy road as the car was passing struck the running board and that the plaintiff was thrown into the soft sand and gravel of the roadway and did not come in contact with the car, and that he again mounted the bicycle and rode away, and that the bodily ills under which he suffered were not the result of any accident but were due to an apoplectic seizure and other ailments.

There was no dispute that the railway track was on the extreme left side of the location of the highway as the plaintiff was travelling, nor that the part of the highway devoted to ordinary travel was sixteen or more feet wide to the right of the track, and that the highway was then in use only by the car and by four other bicyclists who until the moment of the accident had been riding in single file near each other, upon a kind of pathway not designed for bicycles but made smooth by their use.    This smooth path was next to the rail which was nearer to the path of ordinary travel.    It was two feet or less in width and the plaintiff and the others of the party of bicyclists were riding with the wheels of their machines close to the rail.    New material had recently been placed upon the carriage path, and this new material was so soft and so thrown into ridges by teams as to make it unfit for bicycle travel.    The highway was substantially straight so that the approaching car was in plain sight for about a thousand feet and it was coming up a slightly rising grade.

The evidence on the part of the plaintiff tended to show that the speed of the car was from ten to twenty miles an hour until it was very near the foremost bicycle, that it then slowed up a little and that as it was opposite the leading bicycle and before the collision the car increased its speed by a mile and a half an hour.

The evidence of the defendant tended to show that at no time was there any increase in the speed of the car and that it was not more than eight miles an hour.

Taking the view of the evidence which is the most favorable possible to the plaintiff we are of the opinion that a necessary inference from it is that the collision was due to the plaintiff's

own want of ordinary care in not seasonably leaving the smooth path where if he remained he must collide with the car. The bicyclists were riding at the rate of about six miles an hour in single file, the plaintiff being only fifteen or twenty feet in the rear of the person next him in front. Assuming with this that as the car passed the bicyclist in front of the plaintiff its speed was increased it is inconceivable that in the fifteen or twenty feet the increase of speed should have been enough to cause a collision if there would have been none if the speed had remained the same. This shows that the collision was due in part at least to the fact that the plaintiff, although the car was in plain sight, and although he knew that to avoid a collision he must turn to the right, did not turn soon enough to avoid a collision at the rate of speed at which he saw it approaching.

We think a verdict for the defendant should have been ordered.

*Exceptions sustained.*